

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann                        AUSTIN 11, TEXAS
JOHN BEN SHEPPERD
ATTORNEY GENERAL

Hon. J. D. Looney            Opinion No. O-5388
County Auditor               Re: Employment of additional deputies and
Bowie County                 clerks in Bowie County while regular deputies
Boston, Texas                and clerks are on vacation.

Dear Sir:

      Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

      "Where Steno's and Deputies takes a vacation for one or Two Weeks, is the County liable for expense for extra help to carry on their work during their absence?"

      Article 3902, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

      "Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies; assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: . . ."

We quote from Opinion No. 0-1441 of this department as follows:

"We are unable to find any statute dealing with the subject of vacations among county officials. The same is true of deputies, assistants or other employees authorized to perform services under the principal of any public office, with the exception of Article 1583b, Penal Code of Texas, 1925, which provides that every regularly assigned jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay, not more than two (2) members to be on vacation at the same time.

"Commissioners Courts are courts of general jurisdiction when acting within the sphere of the powers and duties conferred upon them, however, they are courts of limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law -- that is, by the Constitution and statutes of the State. 11 Tex. Jur. para. 37, p. 564.

"The law imposes upon each elective official of a county certain duties connected with his office which he is obligated to faithfully discharge and perform. He is responsible for certain acts of his deputies; and in the matter of attending to and performing the duties of his office, the law holds him responsible. Many duties connected with a public office must necessarily be performed by clerical workers and assistants, who consequently perform their duties solely under the direction of the principal in office. Especially is this true where their duties are not regulated by statute.

"The status of the various deputies, assistants or clerks, as provided in the above-quoted statute, are varied. Sheriff deputies, constable deputies and all county clerk deputies are considered public officers. In a true sense, they perform governmental functions, and where their duties are not prescribed or regulated by statute, they perform a public service, sharing the responsibility of office with their principal. Such officers stand on a footing different from mere county employees -- the services and employment of the former being authorized by law, the latter being based upon contract with the commissioners court.

"An examination of the acts of the various legislatures for several years past discloses that the general appropriation bill provisions, as affecting State employees, permit twelve (12) working day vacations, when agreed to between the official and

his employees. If it can be said that the State has adopted a policy of allowing paid vacations, a law which requires a public officer to serve a year before being allowed such vacation would, in our opinion, contravene such declared policy, depriving the government of better and more efficient service, which is the only principle upon which such vacations can be sustained.

"Such matters of general office routine or mode in which a public officer, with the help of his authorized deputies, assistants and clerks, performs the duties of his office, where not regulated by statute, are not vested in the commissioners court. We cannot help but view the matter of regulation of hours and vacations of public officers in all governmental and political units of the government as being solely one of executive, administrative discretion, subject to be withdrawn or controlled by the Legislature.

"Vacations are closely identified with general administrative powers vested in the holder of a public office. The only principle upon which vacations are permitted, insofar as a declared policy of the government would authorize same, appears grounded on a settled policy of employees or public officers entering into an agreement with their departmental or office head, under the latter's supervision and direction.

"As vacations directly affect the discharging of the duties of a particular office, the responsibility for which reposes in the principal of such office, the Commissioners Court, being nowise charged with such responsibility, would not be authorized, in the absence of legislative authority, to assume control and attempt to regulate the same.

"It is, therefore, the opinion of this department that the commissioners court of a county does not have the authority to pass an order providing that no vacations with pay shall be allowed any employees of the county or deputies or assistants of county officers until and unless such persons have been employed for a period of one year. Such order, being beyond the scope of power and authority vested in the Commissioners Court, is ultra vires and void."

We quote from Opinion No. O-1876 of this department as follows:

"You are respectfully advised that it is the opinion of this department that the county clerk has the authority to pay a deputy his regular salary during the absence of such deputy from employment due to sickness or vacation for a reasonable length of time."

We enclose herewith copies of Opinions Nos. O-1441 and O-1876.

Opinion No. O-1620 of this department holds that the county attorney of Walker County, Texas, has no authority to employ a stenographer and pay her a salary as an authorized expense out of his fees of office. This opinion defines the term "stenographer."

Opinion No. O-1874 of this department holds that when the county attorney of Liberty County, Texas, complies with Article 3902, V.A.C.S., a "clerk" may be appointed for such county attorney.

Opinion No. O-1930 of this department holds that neither the county attorney nor the commissioners' court has any statutory authority to employ a stenographer for the county attorney of Johnson County, Texas, and pay for same out of county funds. This opinion further holds that the commissioners' court of Johnson County, Texas, a salary county, having a population in excess of 20,000 inhabitants according to the last preceding Federal Census, may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred Dollars ($1200.00) per year.

Opinion No. O-4776 of this department holds that the commissioners' court of Ector County, Texas, a fee county, having a population of less than 20,000 inhabitants according to the last preceding Federal Census, could not employ a stenographer for the county judge or the commissioners' court. This opinion holds however that the commissioners' court of Ector County could authorize the county judge of such county to appoint a clerk.

We enclose herewith copies of Opinions Nos. O-1620, O-1874, O-1930 and O-4776.

Subdivision (a) of Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, applicable to counties having a population of 20,000 inhabitants or more and less than 190,000 inhabitants, according to the last preceding Federal Census, is applicable to Bowie County, Texas, a county within the above population brackets, and said subdivision reads as follows:

"The commissioners' court may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1200.00) Dollars per year."

It is our opinion that the only stenographer authorized by law for any Bowie County official is the stenographer for the county judge described in the next above quoted subdivision. No stenographer could be employed by any county official of Bowie County except for the county judge. The sum of $1200.00 per annum is the limit which could be paid to the Bowie County Judge's stenographer. It is also discretionary with the commissioners' court of Bowie County as to whether they will authorize the county judge to employ such stenographer.

It is our opinion that it is discretionary with the commissioners'
court as to whether it will authorize the employment of extra or additional
deputies, assistants and clerks for the various county officials during the
time the regular deputies, assistants and clerks may be on vacations.  In
the absence of authorization of the commissioners' court as outlined by Arti-
cle 3902, V.A.C.S., supra, such extra help could not be paid for from the
Officers' Salary Fund of the county.  On the other hand if properly author-
ized by the commissioners' court under Article 3902, V.A.C.S., supra, such
additional deputies, clerks and assistants would be entitled to be paid from
the Officers' Salary Fund of your county.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

APPROVED JUN 24, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

WJF:db:wb

Enclosures